UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROSENDO DANIEL TRISTAN<br>    *Plaintiff,*<br><br>v.<br><br>ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY<br>AND STEPHEN CORDEL<br>    *Defendants*. | §<br>§<br>§<br>§    CASE NO. 5:17-CV-855<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Allstate Vehicle and Property Insurance Company ("Allstate"), hereby removes this lawsuit pursuant to 28 U.S.C. §§ 1441 and 1446 on the grounds of diversity in citizenship and amount in controversy, as follows:

## I.
### BACKGROUND

1. On or about July 25, 2017, Plaintiff filed his Original Petition styled *Rosendo Daniel Tristan v. Allstate Vehicle and Property Insurance Company and Stephen Cordel,* in the District Court of the 37th Judicial District of Bexar County, Texas, Cause No. 2017-CI-13519. Plaintiff asserts various causes of actions arising from claim for damages to his property pursuant to a homeowner's policy issued by Defendant. *See* **Exhibit A** (Original Petition).

2. Plaintiff served Defendant Allstate with Plaintiff's Original Petition and process on August 11, 2017, by certified mail on its registered agent. *See* **Exhibit B** (Service of Process Transmittal).

3.     Defendant Stephen Cordel ("Cordel") has not been served. *See* **Exhibit C** (State Court Case History Report).[1]

4.     Plaintiff asserts causes of action for breach of contract, violations of the Texas Insurance Code, Deceptive Trade Practices Act, violations of the Texas Insurance Code, and breach of common law duty of good faith. *See* **Exhibit A**. Plaintiff affirmatively pleads for "monetary relief over $100,000.00 but not more than $200,000.00, excluding interest and costs." *Id.,* ¶ 5.

5.     Allstate did not file an answer in state court.

6.     The State Court's Record Search including Case History for this matter is attached herein. *See* **Exhibit C**.

## II.
### GROUNDS FOR REMOVAL

7.     This Court has original jurisdiction of this suit based on 28 U.S.C. § 1332(a) because this suit involves a controversy between citizens of different states and there is complete diversity between the parties at the time of the filing of the suit and at the time of the removal. Further, the amount in controversy, exclusive of interest and costs exceeds $75,000.00.

### A. Parties are Diverse

8.     Plaintiff, Rosendo Daniel Tristan, is a natural person who resides in Bexar County, Texas. *See Plaintiff's Original Petition,* Exhibit A, ¶ 2. Plaintiff has not pled any other facts of their residency, intention to leave Texas, or domiciles in other States. *Id.* Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011).

---

[1] Although Plaintiff's pleading purports to seek service on Cordel by service upon a post office box on Dallas, Texas, Cordel's business address is listed by the Texas Insurance Department as located in Mesa, Arizona. *See* **Exhibit D**.

9. Defendant, Allstate Vehicle and Property Insurance Company is a foreign corporation incorporated under the laws of the state of Illinois with its principal place of business in Cook County, Illinois. Accordingly, Allstate is a citizen of Illinois.

10. With regards to Defendant Cordel, Plaintiff's pleading incorrectly or improperly asserts that Cordel resides in Texas. *See* Exhibit A, at ¶ 4. However, Cordel is a natural person who resides in Arizona.  Accordingly, Cordel is a citizen of Arizona.

11. Based on the foregoing, there is complete diversity of the parties.

### B. Amount in Controversy

12. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $100,000.00.  *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).  The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $100,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

13. Here, it is facially apparent from Plaintiff's petition that the Plaintiff seeks monetary relief over $75,000. Specifically, Plaintiff affirmatively pleads that he "seeks monetary relief over $100,000.00 but not more than $200,000.00, excluding interests and costs." *See* Exhibit A, ¶ 5. Based on the foregoing, the amount in controversy exceeds the jurisdictional limits of this Court.

### III.
### REMOVAL IS PROCEDURALLY PROPER

14. This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1441(b)(1).

15.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

16.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

17.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Bexar County District Court.

18.     Pursuant to 28 U.S.C. §1446(b)(2), all defendants who have been properly joined and served is joined in this removal. Specifically, Defendant Cordel has not been served with process and his consent is therefore not necessary.

WHEREFORE, Defendant Allstate Vehicle and Property Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By: */s/ Robert E. Valdez*
**Robert E. Valdez**
State Bar No. 20428100
revaldez@valdeztrevino.com
**Elena P. Serna**
State Bar No. 20472335
eserna@valdeztrevino.com

**VALDEZ & TREVIÑO**
Plaza Las Campanas
1826 North Loop 1604 West, Suite 275
San Antonio, Texas 78248
Telephone:     (210) 598-8686
Facsimile:     (210) 598-8797

*Attorneys for Defendant Allstate Vehicle and Property Insurance Company*

| CERTIFICATE OF SERVICE |
|---|

      I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on <u>September 5, 2017</u>, in the manners prescribed below:

William T. Jones, Jr.                                                                *Via Facsimile: (713) 621-5900*
Robert D. Green
Daniel P. Barton
Roy J. Elizondo, III
**GREEN & BARTON**
1201 Shepherd Drive
Houston, Texas 77007
*Counsel for Plaintiffs*

                                                                        */s/ Robert E. Valdez*
                                                                        Robert E. Valdez